IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID KING,

      Plaintiff,                    No. CIV S-05-0858 MCE KJM PS

      vs.

CINGULAR WIRELESS, LCC,

      Defendant.               FINDINGS AND RECOMMENDATIONS

_____/

      This action was removed from state court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "'The burden of establishing federal jurisdiction falls on the party invoking removal.'" Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930, 932 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)). Where it appears the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c).

      In conclusory fashion, the removal petition alleges the amount in controversy exceeds $75,000 because plaintiff seeks damages in excess of the minimum jurisdiction of the

1

Dockets.Justia.com

1 state court. Notice of Removal of Action, ¶ 7. No other evidence with respect to damages is
2 submitted in connection with the removal petition. Because the complaint was filed in state
3 court, damages are not pled. Complaint (case number 05ASO1362 filed in Sacramento Superior
4 Court) at 8; see Cal. Code Civ. Proc. § 425.10(b). The only indication in the state court
5 pleadings of the amount of damages sought is the civil cover case sheet, which notes that the case
6 is not a limited case in that the amount demanded "exceeds $25,000." See Superior Court Civil
7 Case Cover Sheet, Filed Endorsed 05 Mar 29.

8 As a result of the unification of the courts in California, the municipal courts have
9 been eliminated. General Electric Capital Auto Financial Services, Inc. v. Appellate Division, 88
10 Cal. App. 4th 136, 141 n.1 (2001). The superior court now has original jurisdiction over both
11 unlimited and limited cases. See Cal. Code Civ. Proc. § 86 (limited cases are cases in which
12 demand is $25,000 or less). Defendant's conclusory allegation notwithstanding, the minimum
13 jurisdiction of the court from which this case was removed thus does not exceed $75,000.
14 Although plaintiff in the civil cover sheet asserts an amount of damages in excess of $25,000,
15 that is $50,000 short of the minimum amount in controversy required for diversity jurisdiction.
16 Defendant has failed to meet its burden of establishing federal jurisdiction and the matter should
17 therefore be remanded. See generally Singer v. State Farm Mutual Automobile Insurance Co.,
18 116 F.3d 373, 375-76 (9th Cir. 1997).

19 Accordingly, IT IS HEREBY RECOMMENDED that the above-entitled action be
20 summarily remanded to the Superior Court of California, County of Sacramento.

21 These findings and recommendations are submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
23 days after being served with these findings and recommendations, any party may file written
24 objections with the court and serve a copy on all parties. Such a document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
26 shall be served and filed within ten days after service of the objections. The parties are advised

1  that failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED: May 16, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

006
king.rem

3